STATE of Maine

v.

Joseph E. BINNETTE.

Supreme Judicial Court of Maine.

Dec. 16, 1966.

Howard M. Foley, County Atty., Albert Chick Blanchard, Asst. County Atty., Jules L. Mogul, Bangor, for plaintiff.

Richard H. Broderick, Lincoln, Edward Stern, Lewis V. Vafiades, Bangor, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN, and DUFRESNE, JJ.

WEBBER, Justice.

Two indictments having been lodged against the defendant, motions to dismiss the same were reported for our determination. Since the pertinent charging portions of the two indictments are identical, an examination of one of them will suffice for our purposes.

The indictment, after alleging the date and place, charges that the defendant "did knowingly *make a false public record,* in that said (defendant) signed the name of (a named person) on an application for an absentee ballot, knowing full well that said application and signature thereon were not genuine, and in fact false, in that said (named person) did not give him, the said (defendant), authority or permission to so sign her name, and the said (defendant) did thereupon submit said false application for an absentee ballot to (the named clerk), Clerk of the City of Old Town, and to (the named registrar) Registrar of Voters for said City of Old Town, a copy of which is attached hereto and made a part hereof." (Emphasis ours.)

The determinative issue here presented is whether or not an application for an

absentee ballot is ever a "public record" within the meaning of 21 M.R.S.A. Sec. 1579(6).

21 M.R.S.A. Sec. 1579 provides in part: "Whoever commits any act described in this section shall be punished (then follows the prescribed limits of penalty as for a misdemeanor). \* \* \* (6) Public Records. A person who defaces, falsifies or suppresses a public record; or who knowingly makes a false public record; \* \* \*." Title 21 deals with the laws applicable to "Elections". 21 M.R.S.A. Sec. 1 includes the following: "§ 1. Definitions. The listed terms as used in this Title are defined as follows, unless a different meaning is plainly required by the context: \* \* \* 29. Public record. 'Public record' means a record open to public inspection during usual business hours under proper protection regulations made by the person charged with its custody."

The processing of absentee ballot applications is governed by several applicable statutory provisions. Such an application must be signed by the applicant. (21 M.R. S.A. Sec. 1253(2).) It is filed with the clerk of the town or city. (Sec. 1253(2).) The clerk delivers it to the registrar for verification of registration and thereafter it is returned to the clerk, (Sec. 1253(4).) It is used by the clerk for the purpose of comparing the signature thereon with that appearing on the return envelope containing the completed absentee ballot. (Sec. 1256(2).) It is then attached to the return envelope. (Sec. 1256(3).) On election day and before the polls are closed the applications, then attached to the respective return envelopes containing marked ballots, are delivered by the clerk to the warden of the appropriate voting district. (Sec. 1256 (5).) After the ballots are counted and election returns prepared, the applications with other materials are packaged, placed in containers which are publicly sealed and thus returned to the clerk who keeps them for 3 months unless sooner released to the Secretary of State. (Sec. 926(2) and Sec. 1262.) While in the clerk's office the

sealed containers may be opened only for an inspection by candidates or their counsel and then only upon notice and within a reasonable time. (Sec. 1151(1) (2).)

■ It is readily apparent that the statutory requirements with respect to processing such applications are such as to prevent that "public inspection during usual business hours" which is a requisite of a "public record" as the term is employed in Title 21.

■ Moreover, Sec. 1577 provides:

"Sec. 1577. Records and documents are public. All lists, books, documents and records required to be prepared by or filed with a public official are public records.

"1. Exceptions. *Ballots and check lists are not public records* and may be inspected only in accordance with this Title." (Emphasis ours.)

Although "applications" are not specifically included in the stated exception, we think that the manifest reason for the exception applies with equal force to "applications" which in fact travel with the ballots, are lodged in sealed containers and are open only to limited inspection as above noted.

■ The legislature has seen fit to provide expressly that it is a criminal offense to deface, *falsify* or suppress *a ballot* or check list, or to knowingly make a false check list, or to destroy a ballot or check list. (Sec. 1579(7).) We can only conclude that the legislature has not seen fit to make it a criminal offense to sign, without authority, the name of another upon an application for an absentee ballot. We hold in any event that such an act does not constitute the making of a false "public record" proscribed by Sec. 1579(6). It may be that the legislative omission is purposeful upon the theory that the real mischief lies not so much in the falsification of the application as in the falsification of

the absentee ballot itself. If the legislature deems it wise or necessary to impose penal sanctions for the falsification of an application, it should so provide in clear and unmistakable terms.

In view of our disposition of this issue, this holding being dispositive of the case, it becomes unnecessary to consider other issues which are tendered.

The motions to dismiss the two indictments must be granted.

So ordered.